### STATE v. CASON.

1. TRIAL—DISCHARGE OF JUROR.—After a jury has been empanelled and sworn, the trial judge has no power to withdraw a juror and direct another to be substituted in his place.

2. IBID.—IBID.—But upon the ascertainment at that stage of the trial, for the first time, that a juror had formed and expressed an opinion as to the prisoner's guilt, the trial judge erred in ruling that he could do nothing but proceed with the trial, as he might have discharged the jury and ordered a new trial.

Before WATTS, J., Fairfield, February, 1894.

Indictment against Alfred Cason for larceny of live stock.

*Messrs. A.'S. & W. D. Douglass,* for appellant.

*Mr. Hough,* solicitor, contra.

July 26, 1894.   The opinion of the court was delivered by

MR. JUSTICE McGOWAN.   The defendant was indicted for larceny of "live stock," and, at the February Term of the Court of General Sessions for Fairfield County, 1894, was found "guilty;" and was, thereupon, sentenced by his honor, Judge Watts, "to three years in the State penitentiary at hard labor."

After the jury had been empanelled and sworn, a juror, D. M. Milling, arose and said to the court: "Your honor, I do not think I am competent to sit on this jury.   I have heard my brother-in-law talk about the case, and I have formed and expressed an opinion."   The court: "Could you not render a verdict, according to the evidence, independent of any opinion you may have formed already?"   Juror: "That is what is troubling me."   His honor thereupon held that the jury had passed beyond his jurisdiction, and that he could do nothing but proceed with the trial, &c.   The defendant had already exhausted the number of challenges, peremptory challenges, allowed by law.   At the time the juror arose in his place and addressed the court, no witness had gone on the stand and no evidence had been taken.

The defendant appeals from the rulings of the presiding judge, upon the following grounds: I. That his honor should have held that, whether or not the juror was indifferent between the parties, was a question of fact, and to be decided by the trial judge.   II. That his honor erred in holding that the jury, although sworn, had passed beyond his jurisdiction, and should have ordered a mistrial.

Although the defendant had exhausted his right of peremptory challenges, we suppose he still had the right to challenge "for cause;" and that if the juror, Milling, had been examined upon his *voire dire,* he would most probably have been ordered to stand aside, as not indifferent between the parties.   But it seems that the disqualifying fact was not known either to the attorney of the defendant or to

the court. If the juror had spoken in time, there would have been no trouble about it. But as the jury had already been sworn, the judge held that they "had passed beyond his jurisdiction, and that he could do no more than let the trial proceed, with the juror Milling as one of the panel." Was that error? We agree that, after the jury had been sworn, the presiding judge could not, by virtue of the inherent power of the court, take the juror Milling off the panel and put another in his place. See *State* v. *Stephens*, 11 S. C., 322, where the court say: "We know of no authority for vacating the seat of a juror after he has been sworn and calling another to occupy his place, by the authority of the court, acting on proof of facts occurring beyond the presence of the court. No authority for such a practice has been brought to our attention, and, on principle, it appears subversive of sound practice. It might open the door to the exercise of undue authority on the part of the courts," &c.

But we cannot doubt that the Circuit Judge had jurisdiction, which gave him the authority to control the matter and secure a fair and impartial jury for the trial of the defendant. The laws of the State are very tender of the character and liberty of the citizen, and guard with the greatest care the organization and composition of juries, with a view to the administration of justice, especially in criminal cases.

In *Kennedy* v. *Williams*, 2 Nott & McC., 79, it was held that "when the sheriff summoned a person as a talesman, who had not been drawn, but who sat on the trial, it was held to be a good ground for a new trial. In the case of *State* v. *Stephens*, *supra*, the court said: "It cannot admit of reasonable doubt, that if proper evidence of such a fact as would justify the court in granting a new trial, should be brought to the notice of the court during the progress of a criminal trial, a juror might be withdrawn, and the trial proceed *de novo*," &c. In 12 Am. & Eng. Enc. Law, page 364, it is said, in speaking on the subject of the judge's power to discharge a jury, "that the state of the question in the United States is accurately expressed by an eminent authority as follows: Whenever, either in felony or

misdemeanor, the judge discovers anything which will render a verdict against the prisoner void, or subject to be avoided by him, or will render it impossible that a verdict should be reached—anything, in other words, establishing that no jeopardy has really attached to the prisoner, and that any further progress in the trial will be fruitless, he may adjudge the fact, put the adjudication on record, and discharge the jury. Then the apparent jeopardy appearing of record, matter nullifying it will appear also, and the defendant will be properly held for further proceedings," &c. See *State* v. *Shirer*, 20 S. C., 406, and Bish. Crim. Law, § 1036.

The judgment of this court is, that the judgment of the Circuit Court be reversed, and the cause remanded to that court for a new trial.