9707

STATE v. MAPPUS.

(92 S. E. 1053.)

1. COURTS—ERECTION—"CIRCUIT."—Under Const., art. V, sec. 13, providing that the State shall be divided into Judicial Circuits, acts 1916, p. 688, creating 14 Judicial Circuits and leaving Charleston county alone in the Ninth Circuit, is valid, since the word "Circuit" means a division of the country for judicial business.

2. Constitutional Law—Academic Questions.—Whether a statute is invalid as affecting the rights of a defendant to a change of venue will not be determined, in the absence of motion for change.

3. Appeal and Error—Scope of Review—Law Cases.—The Court on appeal cannot consider the facts in a strictly law case.

Before Memminger, J., Charleston, June, 1916; Rice, J., October, 1916. Affirmed.

T. W. Mappus was convicted of a violation of the prohibition law, and he appeals.

*Messrs. Hagood, Rivers & Young,* for appellant. *Mr. Rivers* cites: *As to repeal of act fixing time for Court:* 89 S. C. 84; 82 S. C. 130; 30 S. C. 395.

*Mr. Solicitor Stoney,* for respondent, submits: *Question as change of venue is speculative:* 58 S. C. 570. *Effect of void statute:* Cooley Const. Lim. (4th ed.) 227. *Presumption of constitutionality:* 89 S. E. 1028. *Acting Solicitor:* 91 S. C. 27. *Objections to indictment waived:* 35 S. C. 344; 74 S. C. 417; 52 S. C. 159; 73 S. C. 236; 77 S. C. 383; 80 S. C. 401; 86 S. C. 156; 98 S. C. 298; 65 S. C. 287, 291. *Insufficiency and preponderance of evidence are issues not considered by this Court:* 92 S. C. 122; 47 S. C. 74; 86 S. C. 149. *Sufficiency of the evidence is for the jury:* 88 S. E. 21. *Questions of fact not considered by Supreme Court:* 35 S. C. 277. *The evidence, which is abundant in this case, and shows a clear violation of the terms of suspended sentence:* 103 S. C. 331. *Motions for new trials on after-discovered evidence are addressed to the discretion of the Court, and its acts therein will not be reviewed unless there is shown to have been an abuse of discretion:* 89 S. C. 41. *This Court will not review the exercise of discretion of the Circuit Court unless it is made to appear it was abused:* 88 S. C. 302. *Statement by Judge in colloquy between him and attorney over admission of evidence, is not a charge on the facts:* 79 S. C. 526. *Comment by Judge on facts in giv-*

*ing his reasons for refusing motion to direct a verdict, is not a charge on facts within constitutional inhibition, where there is no abuse of discretion, and jury are distinctly instructed not to be influenced by the statement:* 80 S. C. 383. *A remark outside of the case by way of illustration is not error in charge:* 43 S. C. 206. *A Judge does not violate the constitutional inhibition against charging on the facts by giving his reasons for rejecting or admitting evidence to which objection has been made:* 71 S. C. 136.

June 29, 1917.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

The appellant, Mappus, was indicted at the Summer term, 1916, of the Court of General Sessions for Charleston county of a violation of the liquor laws. Judge Memminger held this Court under the statute of 1916 (acts 1916, p. 688). Mappus pleaded guilty, and was sentenced to pay a fine and also to a term of imprisonment. The imprisonment was suspended during good behavior. At the Fall term of the Court, he was served with a rule to show cause why he should not serve the term of imprisonment, for a subsequent violation of the liquor law. Mappus raised the question as to the constitutionality of the act of 1916, creating 14 Judicial Circuits, in that the act left Charleston alone in the Ninth Circuit. The appellant claims that more than one county is necessary to constitute a Circuit, and for the further reason that a Circuit of only one county prevents a change of venue, which is guaranteed by the Constitution. All the questions of law depend on the constitutionality of the act of 1916, leaving the Ninth Circuit with Charleston county alone.

1. The Constitution provides (article V, sec. 13) :

"The State shall be divided into as many Judicial Circuits as the General Assembly may prescribe."

The only limit in this section is the discretion of the legislature, unless the term "Circuit" limits that discretion to more than one county.    Bouvier Law Dictionary.

"Circuits are certain divisions of the country, appointed for particular Judges to visit for the trial of causes, or for the administration of justice."    Rapalje and Lawrence.

"Circuit.—Latin, *circuitus,* from *circum,* around, and *ire,* to go.

"1. A territorial division of the country appointed to be visited at stated times by a Judge for the trial of causes at *nisi prius* and the administration of justice.    This practice is still in force in a few of the States, and in those even in which permanently established Courts for *nisi prius* trials have been erected, the word 'Circuit' is frequently used to designate the Court, or term of Court, at which such trials are held.

"2. In England, Circuits are divisions of the country for judicial business.    For the purpose of holding assizes (*q. v.*), the country is divided into seven Circuits, namely, the northern, northeastern, midland, southeastern, Oxford, Western and North and South Wales, the last being divided into two divisions.    The county of Surrey forms a kind of Circuit by itself."

It thus appears a Circuit means a judicial district, and not an aggregation of counties, and the act does not violate this provision of the Constitution.    What would have been the defendant's rights if he had moved for a change of venue, or how the change would have been secured, is academic here, as no such motion was made.

This answers all the constitutional questions that arise in this case.

3. The appellant says:

"The remaining exceptions, except the ninth and tenth, deal entirely with questions of fact, and even in the latter, the legal questions are somewhat dependent upon the facts."

This is strictly a law case, and this Court cannot consider the facts.

The judgment is affirmed.