9926

STATE v. DANHAUER.

(96 S. E. 93.)

CRIMINAL LAW—APPEAL—SUPERSEDEAS—DISMISSAL.—Where sole ground of appeal that the Circuit Court had no jurisdiction was decided against the appellant, an order of the Judge of the Supreme Court in vacation granting supersedeas having served its purpose, motion to revoke it will be granted.

Before BOWMAN, J., Charleston, Spring term, 1917. Affirmed.

Statement:

Carl Dannhauer, having pleaded guilty to indictment charging unlawful storing of alcoholic liquor, and having received sentence of which six months was suspended on condition, was required to show cause why suspended sentence should not become effective. From order that suspended sentence become effective, he appeals. Appeal dismissed, and order staying execution of sentence revoked.

*Mr. Solicitor Stoney,* for motion to dismiss appeal, cites: *As to the constitutionality of the Court of General Sessions for Charleston county:* Cooley on Constitutional Limitations (4th Ed.), pp. 194-198-199; Constitution of South Carolina (1895), art. VI, sec. 2; Cooley on Constitutional Limitations (4th Ed.), pp. 227, 220; Constitution of South Carolina (1895), art. V, sec. 13. *As to an order making the terms of a suspended sentence operative not being appealable:* 87 S. C. 466, 473; 1 Strob. 347; 32 S. C. 14; 61 S. C. 22; 58 S. C. 564.

*Messrs. Logan & Grace, contra.*

March 11, 1918.

The opinon of the Court was delivered by MR. JUSTICE HYDRICK.

At the September term, 1915, of the Court of General Sessions for Charleston, appellant pleaded guilty to an indictment which charged him with unlawfully storing alcoholic liquors. The presiding Judge sentenced him to 8 months imprisonment, but suspended 6 months of the sentence on condition that he pay a fine of $100 and refrain from further violations of the liquor laws. He accepted the condition and paid the fine.

At the February term, 1917, upon affidavit showing that the condition had been violated, a rule was issued, requiring

him to show cause why the suspended sentence should not become effective. For a first cause he filed a plea to jurisdiction of the Court, alleging that the act of 1916 (26 Stat. 688), which divides the State into 14 Judicial Circuits, is unconstitutional, because the Ninth Circuit contains only one county (Charleston), and, therefore, no change of venue could be had, if asked for, "to a county in the same Judicial Circuit," as provided by section 2 of article VI of the Constitution. The plea was overruled. Appellant then answered the rule, and denied that he had violated the condition of suspension. After hearing the testimony, the Court found that he had violated the condition, and ordered that the suspended sentence become effective. Notice of appeal was given and the Court was asked to stay execution pending appeal. The request was refused, but appellant was allowed 48 hours within which to apply to the Supreme Court for relief. As the Supreme Court was not then in session, appellant applied to Mr. Justice Watts, who very properly granted an order of supersedeas, which provided that the solicitor might move before him, or the Supreme Court when in session, to vacate it. The appeal was perfected and the case was docketed at the last October term for hearing, when the solicitor moved, on the record, to dismiss the appeal and revoke the order of supersedeas.

As the sole ground of the appeal, to wit, that the Circuit Court had no jurisdiction for the reason stated, has been decided against appellant (*State v. Mappus,* 107 S. C. 345, 92 S. E. 1053), and as the order of supersedeas has served its purpose, there is no reason why the motion should not be granted. It is, therefore, ordered that the appeal be dismissed, and the order of Mr. Justice Watts, staying the execution of the sentence, be revoked.

Appeal dismissed.