## 10186

### STATE v. COOLER ET AL.

(98 S. E. 845.)

1. CRIMINAL LAW—HARMLESS ERROR—EXAMINATION OF JURORS—STENO-GRAPHIC NOTES.—Failure of the stenographer to take notes of the examination of jurors in a prosecution for homicide is not reversible error, where all the essential facts are before the Court.

2. CRIMINAL LAW—WITHDRAWAL OF JUROR SHOWING BIAS.—In a prosecution for homicide, where the jury was completed in the afternoon, the Court can, on the next morning before testimony is introduced, withdraw a juror, shown to have expressed an opinion that the defendant was guilty.

3. COURTS—ERECTION—"CIRCUIT" COURTS — CONSTITUTIONALITY.—Under Const., art V, sec. 13, providing that the State shall be divided into Judicial Circuits, act February 14, 1916 (29 St. at Large, p. 688), creating 14 Judicial Circuits and leaving Charleston county alone in the Ninth Circuit, is valid, since the word "Circuit" means a division of the country for judicial business.

4. CRIMINAL LAW — INSTRUCTIONS — EVIDENCE. — In a prosecution for homicide, it was error for the Court to refuse to charge that the jury must base its finding exclusively on the evidence taken in open Court, where the bias of one of the jurors had been brought in question.

5. CRIMINAL LAW—EVIDENCE—DECLARATIONS OF CODEFENDANTS.—Admission in evidence of declarations by a codefendant was not error, in a prosecution for homicide; the Judge having properly cautioned the jury that the statements were evidence only against the codefendant.

6. CRIMINAL LAW—EVIDENCE—DECLARATIONS OF CODEFENDANTS—NECESSITY AS TO ENTIRE STATEMENT.—Declarations by a codefendant as to the particulars of the crime must come out in their entirety, if any part is given.

7. CRIMINAL LAW — TESTIMONY OF CODEFENDANT — ADMISSIBILITY. — A codefendant as a witness in a prosecution for homicide can testify though his testimony includes a statement that his codefendant did the killing.

8. ASSAULT AND BATTERY — JUSTIFICATION — OPPROBRIOUS LANGUAGE.— Opprobrious language does not justify an assault or furnish legal provocation.

Before MOORE, J., Jasper, Spring term, 1917.    Reversed.

Aleas Cooler and another were convicted of murder, and they appeal.

*Messrs. Cole. L. Blease, W. N. Heyward, J. P. Wise* and *H. Klugh Purdy,* for Aleas Cooler, submit: *The defendants were entitled to twenty challenges:* Criminal Code, vol. II, Code of Laws, 1912, sec. 82.    *The Circuit Judge had a perfect legal right to remove a juror from the panel or to dismiss the entire panel:* R. C. L., vol. VIII, p. 156, sec. 145, and cases cited thereunder; R. C. L., vol. VIII, p. 155, sec. 143.    *The Court erred in holding that the jury had been accepted by the defendant, Cooler:* 11 S. C. 319; 26 S. C. 198; 66 S. C. 326; 1 Bailey 651; 2 Bailey 565; May's Criminal Law 94, and cases cited in the footnote.    *When the defendant, Cooler, not only consented, but requested that the jury should be dismissed, it was perfectly within the law for the Judge to have dismissed the jury:* 3 Hill 362; 2 Rich. 440.    *Cooler had not exhausted his challenges:* 88 S. E. 12. *It was error in not requiring the official stenographer to take down and report the examination of all jurors when sworn upon their voir dire:* Code of Civil Procedure, vol. II, Code of Laws, 1912, sec. 315.    *An innocent third person cannot be made to suffer for neglect of duty on the part of a public*

*officer:* 14 S. C. 43. *The Circuit Judge erred in not granting defendant, Cooler's, request to charge the jury as follows: "Gentlemen of the jury, you are bound by the testimony presented here upon the stand and any statements which have come to you from any other source, you are not to consider in making up your verdict; and any other statement made by any party at any time or place should have no.weight with you in making up your verdict:" 79 S. C. 295; 69 S. C. 107. As to refusing request to charge: 29 S. E. 240; 51 S. C. 489. As to error in ruling that the witness, Davis, who was a codefendant with Cooler, could testify to statements made to him by Cooler which were self-serving: 95 S. C. 387.*

*Messrs. George W. Beckett* and *J. Fraser Lyon,* for Will Davis, appellant. *Mr. J. Fraser Lyon* submits : *It was error to charge that a battery was necessary to constitute a legal provocation and to ignore the evidence showing an assault and a physical aggression by deceased:* 82 S. C. 153 ; 63 S. E. 689 ; 108 S. C. 462 ; 95 S. E. 74. *It was error to mislead the jury into believing that the manner in which, and the circumstances under which the opprobrious or insulting words were used was immaterial and precluded the jury from considering whether such words were used in such manner and under such circumstances as constituted an assault or as were calculated to arise heat and passion and erring on the difficulty:* 44 L. R. A. (N. S.) 661 ; 4 L. R. A. (N. S.) 158, notes (b) and (c). *The Judge's charge took from the consideration of the jury all evidence in connection with the opprobrious language, and the pursuit of defendants, which tended to show that deceased was pursuing the defendants, attempting to make an unlawful arrest or with apparent intention to do them bodily harm:* 19 Cyc. 323 ; 11 R. C. L., False Imp., sec. 5 ; 54 S. E. 293 ; 53 S. C. 150 ;.31 S. E. 62.

*Solicitor George Warren* and *Mr. S. G. Mayfield,* for State, respondent. *Solicitor Warren* cites : *As to the con-*

*stitutionality of the Fourteenth Judicial Circuit:* 92 S. E. 1053. *As to the duty of the official stenographer:* Code of Laws 1912, vol. II, sec. 315. *As to the burden of proof, being on one who challenges a juror on the ground of legal disqualification to show that such disqualification exists:* 36 S. E. 499.

April 8, 1919.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

The appellants were convicted of murder and sentenced to electrocution. There are 21 exceptions. Several of the exceptions raise the same questions, and, as they have not been separately stated, they need not be separately considered.

1. The first question in logical order refers to the stenographic report in the case. The stenographer did not take notes of the examination of jurors upon their *voir dire,* and this failure is a subject of appeal. The selection of the jury is a very important part of the trial. They are required to take full stenographic notes of all proceedings. The examination of jurors is an important part of the proceedings. The essential facts, however, are before the Court, and this is not reversible error. The exception that raises this question cannot be sustained.

2. One of the jurors, named Papham, was sworn on his *voir dire* and accepted as a juror. It seems that the jury was completed at the afternoon session, but no evidence was offered until the next morning. When the Court was opened, the next morning, counsel for the appellant, Cooler, called attention of the Court to the fact that this juror had expressed an opinion and examined a witness who testified that this juror had expressed the opinion that this appellant was guilty. His Honor held that the

juror was already accepted and it was too late to withdraw him from the jury and substitute another. At this stage of the case, the presiding Judge certainly had the power to withdraw the juror, at the request of the defendant, and substitute another, and it was error not to do so.

3. The appellant raises the question of the constitutionality of the act creating the Fourteenth Circuit (Act February 14, 1916 [29 St. at Large, p. 688]). In so far as this case is concerned, the case of *State v. Mappus*, 107 S. C. 345, 92 S. E. 1053, is conclusive, and this exception is overruled.

4. The defendant, Cooler, asked the presiding Judge to charge the jury that it must base its findings exclusively on the evidence taken in open Court. The presiding Judge thought, doubtless, that he had included that request in his general charge. Inasmuch as the bias of one of the jurors had been brought in question, this request should have been charged as requested by the defendant.

5. The appellant, Cooler, complains of the admission of statements made by his codefendant, Davis, in Court and out of Court. In both cases his Honor was correct. Davis was a defendant, and the State could prove what Davis said about the case. His Honor properly cautioned the jury that the statements were evidence only against Davis. The whole statement must come out if any part is given. The statement must be received, as it was received, in this case, with the caution that it only affected Davis.

As to the statement in Court: We say Davis was a witness, and had the right to make his statement, even if it included a statement that his codefendant had done the killing. We have been cited to no authority, and we know of none, that holds to the contrary.

6. The only other point that need be considered in this case is the effect of opprobrious language. It is too well settled in this State to require the citation of authority that language, no matter how opprobrious, does not justify an assault or furnish legal provocation. To discuss this further would involve the facts, and, as this case must go back for a new trial, the impropriety is manifest.

The judgment is reversed, and a new trial ordered.

MESSRS. JUSTICES HYDRICK, WATTS and GAGE concur.

MR. CHIEF JUSTICE GARY did not sit.