## 10196

### STATE v. BAKER.

#### (99 S. E. 348.)

CRIMINAL LAW — SELECTION OF JURY—MISTRIAL—HOMICIDE PROSECUTION.
—In murder prosecution, where juror, after being sworn, informed
Court that he was opposed to capital punishment, and would not
agree to any verdict involving infliction of death penalty, Court did
not err in ordering a mistrial, though two jurors had been accepted
and sworn and had taken their seats as jurors in the case.

Before MEMMINGER, J., Kershaw, Spring term, 1918.
Affirmed.

Andrew Baker was convicted of murder, and he appeals.

*Messrs. W. B. deLoach* and *M. L. Smith,* for appellant:
*Mr. deLoach* cites: Civil Code 1912, vol. I, sec. 4045; 39
S. C. 47.

*W. Hampton Cobb* and *A. F. Spigener, Solicitors,* for
State, respondent.

April 29, 1919.

The opinion of the Court was delivered by MR. JUSTICE
WATTS.

This is an appeal from an order of his Honor, Judge
Memminger, in ordering a mistrial in this case, after arraignment, plea of not guilty to the indictment by the defendant,

and after two jurors had been accepted and sworn and taken their seats as jurors in the case. After this Juror Baum was called and accepted by both the State and defendant and sworn. When he was accepted and ordered to be sworn he attempted to address the Court, and, when clerk finished the oath administered to him, he informed the Court that he was opposed to capital punishment. His Honor had him sworn on his *voir dire* and examined him, asking the usual questions propounded in such examinations. He answered emphatically that he was opposed to the infliction of capital punishment in any case and would not agree to any verdict which involved the infliction of the death penalty.

His Honor ruled that it would be unfair to the State to go on organizing a jury with this juror, who had already, by his own statement, acquitted the defendant on the main charge against him, and his Honor held that this juror was not indifferent, but disqualified and declined to proceed, and ordered a mistrial, and no objection was made to this order either by the State or the defendant.

After ordering a mistrial, the Court directed the clerk to proceed and draw another jury for the trial of the case. Whereupon counsel for the defendant stated to the Court that the defendant interposed a special plea of former jeopardy, stating: "We contend that after a juror has been presented by the State and accepted and sworn that your Honor should not have ordered a mistrial."

The Court overruled this plea and proceeded to draw and swear the jury and try the case. The defendant was convicted of murder with a recommendation of mercy to the Court. The last jury had the same two jurors on it who had been accepted and sworn before the mistrial was ordered.

After sentence defendant appeals, and by five exceptions imputes error on the part of his Honor in ordering a mistrial and in not proceeding with the trial after two jurors had been accepted and sworn, although holding that Juror Baum

was disqualified, and that his Honor should have stood Baum aside and proceeded with the trial by calling another juror in the place of Baum.

The exceptions are overruled under the authorities of *State v. Cason,* 41 S. C. 532, 533, 19 S. E. 918, and cases therein cited. *State v. Cooler et al.,* 98 S. E. 845, recently filed.

Judgment affirmed.