10414

THE STATE v. WELLS.

(103 S. E. 515.)

1. JURY—JUROR MAY BE EXAMINED AND REJECTED FOR CAUSE AFTER ACCEPTANCE BY STATE AND ACCUSED.—Where a juror, after being accepted by the State and accused, requested to be examined and stated that he had discussed the case with many people, among them the husband of one of the principal witnesses, and had formed an opinion, but thought he could render a fair verdict, it was not error for the Court to direct him again to be presented to the State, by whom he was peremptorily challenged.

2. CRIMINAL LAW—INCIDENTAL PROCEEDINGS AT TRIAL ARE WITHIN DISCRETION OF COURT.—The proceedings incidental to the trial of a crim-

inal case must be left to the sound discretion of the trial Judge, whose rulings thereon will not be disturbed unless they were prejudicially erroneous with respect to a substantial right.

3. CRIMINAL LAW—RIGHT TO CHALLENGE JUROR IS NOT RIGHT TO SELECT. —The right to challenge jurors in a criminal case is the right of rejection, not the right of selection, so that no substantial right of defendant is prejudicially affected by sustaining the State's Peremptory challenge to a juror.

4. CRIMINAL LAW—COURT MAY EXCUSE JURY EVEN AFTER TRIAL BEGINS. —Since the purpose of law is to secure a fair jury for the trial of every criminal case, the Court may, when a disqualified juror has been sworn without fault of the party complaining, order a mistrial, even after the jury has been sworn, and have another jury impaneled.

Before McIVER, J., Sumter, Fall term, 1919. Affirmed.

Joseph Wells, convicted of murder, with recommendation to mercy, appeals.

*Messrs. Jennings & Harby,* for appellant, cite: *State had no right to exercise a peremptory challenge after juror had been accepted by defendant:* 36 S. C. 504; 43 S. C. 127.

*Solicitor F. A. McLeod* and *John H. Clifton,* for respondent, cite: *Circuit Judge held that juror had not been presented to the prisoner at time of the State's objection, whereas, in Haines' case, relied on by appellant (36 S. C. 504), it was otherwise. Verdict should not be set aside unless defendant has been deprived of some substantial right:* 70 S. C. 395.

June 28, 1920.

The opinion of the Court was delivered by MR. JUSTICE HYDRICK.

Defendant was convicted of murder, with recommendation to mercy, and sentenced to life imprisonment. He appealed, and assigns error in the selection of the jury, arising out of the following facts: E. H. Lyman, a juror, was called by the clerk. Mr. Clifton, who was assisting the Solicitor, said: "Present him."

Mr. Jennings, one of defendant's attorneys, said: "Swear him." But before he was sworn the juror informed the Court that he wanted to be examined on his *voir dire,* and he was so examined, over defendant's objection. On his examination he stated that he had frequently heard the case discussed and had discussed it with a good many people, among others, with the husband of one of the principal witnesses; that he had formed or expressed an opinion as to the guilt or innocence of defendant, but thought he could render a fair verdict. After hearing his examination the Court directed that he be presented again to the State, whereupon he was challenged peremptorily by the State. The sole question is whether the ruling was erroneous. We think it was right.

Appellant relies upon a dictum in *State v. Haines,* 36 S. C. 504, 508, 15 S. E. 555, 556, where Mr. Justice Pope said:

"If the prisoner is once allowed to announce his acceptance of the juror by saying to the clerk, 'Swear him,' the right of challenge by the State is precluded."

That was a mere statement of the practice when no good reason appears for a departure from it. But appellant overlooks the fact that in that very case, although the State had apparently waived its right of objection and the defendant had accepted the juror, the State was allowed to challenge him before he was sworn, and the ruling of the Court was sustained by this Court.

The proceedings incidental to the trial must be left to the sound discretion of the trial Judge, whose rulings thereabout will not be disturbed unless it appears that they were prejudicially erroneous with respect to a substantial right. The right of challenge is the right of rejection, not of selection. *State v. Kelley,* 46 S. C. 55, 24 S. E. 60. No substantial right of defendant was prejudicially affected by the ruling in question.

The purpose of the law is to secure a fair and impartial jury for the trial of every case; and to that end we have held that, when it is made to appear that a disqualified juror has been drawn or impaneled without the knowledge or fault of the party, who afterwards discovers the fact and promptly brings it to the attention of the Court, the Court may, even after the jury has been sworn and the trial is in progress, order a mistrial and have another jury impaneled. *State v. Cason,* 41 S. C. 531, 19 S. E. 918; *State v. Cooler,* 98 S. E. 845; *State v. Baker,* 99 S. E. 348.

Judgment affirmed.