## 21279

The STATE, Respondent, v. Cecil McDANIEL, Appellant.

(268 S. E. (2d) 585)

*Staff Atty. David W. Carpenter of S. C. Commission of Appellate Defense,* Columbia, *for appellant.*

*Atty. Gen. Daniel R. McLeod, Asst. Atty. Gen. Brian P. Gibbs* and *Staff Atty. Lindy Pike Funkhouser,* Columbia and *Sol. Capers G. Barr, III,* Charleston, *for respondent.*

July 30, 1980.

NESS, Justice:

This is an appeal from a burglary conviction. We affirm.

Appellant asserts the trial court erred in excusing a juror and impaneling an alternate at the conclusion of the testimony. This is without merit.

During the trial, the juror was observed making improper remarks and gestures. Upon being apprised of this, the trial court conducted an *in camera* hearing to determine the pro-

priety of the conduct. The challenged juror was replaced with the alternate juror only after the trial court made specific findings of fact on the matter.

While appellant's counsel objected to the procedure used, he made no objection to the seating of the alternate juror and no motion for a mistrial. It is well settled that an issue may not be raised for the first time on appeal. See cases annotated in 7A West's S. C. Digest, Criminal Law, Key No. 1028. We conclude appellant waived the right to raise this issue on appeal. Even assuming the issue was properly before us, the procedure employed by the trial court, however irregular, was not sufficient to deprive appellant of his right to a jury trial. There is no right to be tried by a jury composed of particular individuals. *State v. Rogers,* 263 S. C. 373, 210 S. E. (2d) 604 (1974) ; *People v. McManus,* 180 Cal. App. (2d) 19, 4 Cal. Rptr. 642 (1960) ; 84 A.L.R. (2d) 1288.

The alternate juror had been approved by both sides at the inception of the trial, and there is no showing that appellant withdrew that approval at the time of substitution. Moreover, appellant has failed to establish in what manner this procedure prejudiced him.

Admittedly, the appropriate remedy for improper communication between jurors and outsiders is the declaration of a mistrial. Nevertheless, whether or not a mistrial should be declared is a matter resting within the trial court's sound discretion. See *State v. Wells,* 114 S. C. 151, 103 S. E. 515 (1920) ; 23A C.J.S. Criminal Law § 1364(a) ; 24 C.J.S. Criminal Law § 1449(2). Absent a motion for mistrial, the trial court adopted a procedure designed to ensure both sides a fair and impartial trial. Even if the objection had been properly preserved, this Court would be reluctant to hold the trial court erred in failing to declare a mistrial *sua sponte.*

Appellant's remaining exceptions are without merit and are dismissed pursuant to Rule 23.

Affirmed.

LEWIS, C. J., and LITTLEJOHN, GREGORY and HARWELL, JJ., concur.