21940

The STATE, Respondent, v. James Earl STOKES, Appellant.

(304 S. E. (2d) 814)

*Asst. Appellate Defender Tara D. Shurling*, of *S. C. Com'n of Appellate Defense*, Columbia, *for appellant.*

*Atty. Gen. T. Travis Medlock, Retired Atty. Gen. Daniel R. McLeod, Asst. Atty. Gen. Harold M. Coombs, Jr., State's Atty. Carolyn M. Adams* and *Sol. James C. Anders*, Columbia, *for respondent.*

June 27, 1983.

NESS, Justice:

Appellant was convicted of committing a lewd act upon a child. He contends the trial court erred in admitting evidence of other "bad acts" he allegedly committed. We agree and reverse.

Appellant allegedly committed the lewd act when the child came to his home to purchase a frozen fruit-flavored treat sold to neighborhood children by appellant and his wife. Over appellant's objection, the trial judge allowed another child to testify appellant had once offered her money to "meet him at the railroad tracks." Although the child testified appellant did not disclose the purpose of the meeting, she was allowed to speculate that appellant intended to rape her.

Prior to the witness's testimony, the judge instructed the Jury:

> Mr. Foreman and Ladies and Gentlemen of the jury, any other acts of a similar nature are ordinarily not admissible. The State has proffered this witness for the purpose

of showing a common scheme or activity *so as to show the inclination of the defendant to do that.* (Emphasis added.)

We have consistently held that evidence of other "bad acts" is not admissible to prove the crime charged unless it tends to establish (1) motive; (2) intent; (3) the absence of mistake or accident; (4) a common scheme or plan embracing the commission of two or more crimes so related to each other that proof of one tends to establish the others; or (5) the identity of the person charged. *State v. Wilson,* 274 S. C. 635, 266 S. E. (2d) 426 (1980); *State v. Lyle,* 125 S. C. 406, 118 S. E. 803 (1923).

In this case, the trial judge concluded the evidence tended to establish a common scheme or plan. We disagree.

The "common scheme or plan" exception requires more than mere commission of two similar crimes by the same person. There must be some connection between the crimes. If there is any doubt as to the connection between the acts, the evidence should not be admitted. *State v. Wilson, supra.* The record does not reveal any connection between the complained of evidence and the crime charged. We conclude the trial judge erred in admitting the evidence.

Moreover, even if a connection could have been shown, the trial judge erred in allowing the child to speculate concerning appellant's intentions. Her testimony that appellant intended to rape her was obviously her own conclusion, rather than a fact within her personal knowledge.

Additionally, we feel constrained to comment upon the trial judge's instruction to the jury that the evidence was being admitted to show the "inclination of the defendant to do that." To the contrary, the rationale for excluding evidence of prior "bad acts" is to prevent the jury from considering an accused's inclinations rather than his actual conduct in the incident before the court. We believe the judge's instruction aggravated the error, further compelling reversal.

We hold the trial judge erred in admitting evidence of the prior "bad act," reverse, and remand for a new trial.

Reversed and remanded.

LEWIS, C. J., and LITTLEJOHN, GREGORY and HARWELL, JJ., concur.