24406

The STATE, Respondent v. Kenneth WILLIAMS, Appellant.

(469 S.E. (2d) 49)

Supreme Court

*W. Barry Bland* and *Andrew J. Johnston,* both of Spartanburg, *for appellant.*

*Attorney General Charles Molony Condon, Assistant Deputy Attorney General Donald J. Zelenka, Assistant Attorneys General Charles F. Reid* and *Robert F. Daley, Jr.,* all of Columbia; and *Solicitor W. Townes Jones, IV,* of Greenwood, *for respondent.*

Heard Feb. 20, 1996.

Decided Apr. 8, 1996.

WALLER, Judge:

Williams was convicted of murder, assault with intent to kill (AWIK) and possession of a firearm during commission of a violent crime. He was sentenced to concurrent terms of life, ten years, and one year. We affirm.

## FACTS

On February 12, 1993, Terry Wooten (Victim), and Pearl McCullough were driving Wooten's vehicle down an isolated road in Laurens at approximately 10:00 p.m. Victim recognized Williams' pickup truck approaching them and flashed his lights. Williams stopped and Victim exited his car and walked toward Williams' truck. Victim returned to the car with two rocks of crack cocaine. According to McCullough, Victim showed her the crack, told her he didn't want it, then took it back to Williams' truck. As they drove away, McCullough saw lights flashing at them in the rearview mirror. She recognized the approaching vehicle as Williams' truck. When Victim did not stop, Williams drove up beside them and fired a shot into their vehicle. Victim was hit by the bullet and lost control of the car. McCullough jumped from the vehicle before it crashed into a tree and burned. Victim died from the gunshot wound.

## ISSUES

1. Did the court err in denying Williams' motion for continuance?
2. Did the court err in dismissing a juror during trial?
3. Was a photograph of Victim's body unduly prejudicial?
4. Was evidence of prior cocaine sales by Williams properly admitted?
5. Was McCullough's testimony concerning William's motive improper?

## 1. CONTINUANCE

On the day trial was scheduled to begin, Williams moved to have counsel relieved and for a continuance. The trial court gave Williams until the next morning to either find another attorney, or decide whether to proceed *pro se* or with counsel's assistance. The next day, Williams advised he had hired

another attorney; however, the attorney was not present and had made no attempt to contact the court. Accordingly, the trial court denied Williams' motion for a continuance and trial proceeded with retained counsel representing Williams.

The trial court's refusal of a motion for continuance in a criminal case will not be disturbed absent a clear abuse of discretion. *State v. Tanner*, 299 S.C. 459, 385 S.E. (2d) 832 (1989). Reversals of the refusal of a continuance are about as "rare as the proverbial hens' teeth." *State v. Lytchfield*, 230 S.C. 405, 409, 95 S.E. (2d) 857, 859 (1957). Where there is no showing that any other evidence on behalf of the appellant could have been produced, or that any other points could have been raised had more time been granted for the purpose of preparing the case for trial, the denial of a motion for continuance is not an abuse of discretion. *State v. Squires*, 248 S.C. 239, 149 S.E. (2d) 601 (1966).

Here, notwithstanding nearly 15 months had passed since counsel had been retained, Williams waited until the day of trial to move to relieve counsel. Although Williams stated he was dissatisfied with counsel, counsel maintained he was comfortable proceeding with the representation. Williams cites no evidence nor does the record reveal any other point which could have been raised on his behalf. We find no abuse of discretion in the denial of his motion.

## 2. DISMISSAL OF JUROR

At the conclusion of the second day of trial, an elderly black juror walked over to counsel table and shook hands with a man sitting with Williams. The man was Reverend James Gray, the pastor at Williams' church, who had assisted counsel in contacting witnesses. During an *in camera* hearing, the juror testified he had previously worked with Gray and had gone to hear him preach on occasion. The trial court, finding that a problem may have arisen by virtue of Reverend Gray's being seated at counsel table, relieved the juror and replaced him with the alternate.

Williams contends the dismissal of this juror violated *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 LEd. (2d) 69 (1986) and *Georgia v. McCollum*, 505 U.S. 42, 112 S.Ct. 2348, 120 L.Ed. (2d) 33 (1992). Williams raised no such contention at trial however and the issue is therefore not preserved for re-

view. *State v. Bailey*, 298 S.C. 1, 377 S.E. (2d) 581 (1989) (failure to raise issue at trial waives right to complain on appeal).

In any event, in *State v. McDaniel*, 275 S.C. 222, 268 S.E. (2d) 585 (1980), this Court held there is no right to be tried by a jury composed of particular individuals. In *McDaniel*, an alternate was seated after a juror was dismissed for making improper gestures. The *McDaniel* court noted the alternate juror had been approved by both sides at the inception of the trial, and there was no showing in what manner the seating of the alternate prejudiced him. As in *McDaniel*, we discern no prejudice to Williams from the seating of the alternate juror here.

### 3. PHOTOGRAPH

In corroboration of a paramedic's testimony, the State introduced a color photograph of the Victim's car allegedly depicting the Victim's body slumped over inside the vehicle after the fire. Williams asserts the photo was unduly prejudicial. We disagree.

The relevancy, materiality, and admissibility of photographs is left to the sound discretion of the trial court. *State v. Nance*, 320 S.C. 501, 466 S.E. (2d) 349 (1996); *State v. Kornahrens*, 290 S.C. 281, 350 S.E. (2d) 180 (1986). If the photo serves to corroborate testimony, it is not an abuse of discretion to admit it. *Id. See also State v. Kelley*, 319 S.C. 173, 460 S.E. (2d) 368 (1995).

We have viewed the photograph and it is not unduly gruesome. Indeed, it is very poor quality, and it is difficult to even ascertain that it depicts a vehicle. Under these circumstances, admission of the photograph was in no way prejudicial to Williams. Accordingly, we find no abuse of discretion in its admission.

### 4. PRIOR COCAINE SALES

Pearl McCullough, the passenger in Victim's vehicle, testified that she and Victim had driven around in his car between approximately 6:30-7:00 p.m. on the night of the crime smoking marijuana. They then went and parked at her friend's house to smoke two rocks of crack cocaine. As they sat parked at her friend's house, Williams drove up in his gray four-wheel-drive truck. McCullough recognized Williams and asked

him if he had any crack cocaine. He told McCullough he would get her some after going to his girlfriend's house and would meet her later that evening. At this point, the solicitor asked McCullough:

> Q Had you had any discussions with the defendant in regards to crack cocaine before?
> A Not that day.
> Q How about before then?
> A Yeah, before then, but not that day.

Williams' objection to the question was overruled.

McCullough then testified, without objection, that after she and Victim smoked another rock of crack, they decided to find Williams at his girlfriend's house. They found him there and he sold McCullough four rocks of crack for $80.00. She and Victim left and smoked the four rocks. At approximately 10:00 p.m., Victim decided he wanted to get two more rocks. They headed back toward Williams' girlfriend's house. En route, Victim recognized Williams' truck coming toward them on Beaver Dam Road. They blinked their lights and Williams stopped. Victim walked to the truck and came back with two rocks of crack. According to McCullough, Victim told her he didn't want the rocks and took them back to the truck. Victim and McCullough left and Williams drove off in the opposite direction. McCullough then saw a truck coming behind them flashing its lights. She told Victim it looked like the same truck and Victim didn't stop. She recognized Williams as he pulled up beside them and fired a gun into the vehicle, hitting Victim.

Williams contends McCullough's reference to his prior ■ bad acts was impermissible. We disagree. At trial, Williams objected only to McCullough's statement that she had had "discussions" with him about crack cocaine on days prior to the day of the shooting. There was no objection to her testimony that she bought cocaine from him on that day. Accordingly, insofar as he now complains about this testimony, this issue in unpreserved. *State v. Hoffman*, 312 S.C. 386, 440 S.E. (2d) 869 (1994) (contemporaneous objection required to preserve issues for review).

In any event, we find the evidence was so intimately ■ connected with the shooting as to be admissible as part of the res gestae.

The rationale underlying the res gestae theory is that evidence of other criminal conduct that occurs contemporaneously with or is part and parcel of the crime charged is considered part of the res gestae of that offense. Under res gestae, evidence of other crimes is admissible where it is intimately connected with the pending offense, or is necessary to provide a complete story or explanation of the pending offense. *State v. Johnson*, 306 S.C. 119, 410 S.E. (2d) 547 (1991) *cert. denied*, 503 U.S. 993, 112 S.Ct. 1691, 118 L.Ed. (2d) 404 (1992); *State v. Bolden*, 303 S.C. 41, 398 S.E. (2d) 494 (1990); *State v. Jones*, 273 S.C. 723, 259 S.E. (2d) 120 (1979). *See also State v. Smith*, 309 S.C. 442, 424 S.E. (2d) 496 (1992) (Toal, J., dissenting). As the Court of Appeals recently noted in *State v. Hough*, 319 S.C. 104, 459 S.E. (2d) 863 (1995) where the uncharged offense is "so linked together in point of time and circumstances with the crime charged that one cannot be fully shown without proving the other," admissibility of evidence of the other crime is appropriate in order "to complete the story of the crime on trial by proving its immediate context or the 'res gestae.' " (*Citing United States v. Masters*, 622 F. (2d) 83, 86 (4th Cir. 1980)).

Here, evidence of the earlier sale was necessary to establish why Victim and McCullough were on their way to find Williams, and why they recognized his truck approaching them.[1] Moreover, evidence of the cocaine transaction which occurred on Beaver Dam Road immediately prior to the shooting was necessary to explain what Victim and McCullough were doing on an isolated road in Laurens at 10:00 p.m. and why they attempted to stop Williams' vehicle. Without this evidence, the State would have been precluded from explaining the circumstances of the crime.[2] As such, the testimony

---

[1] They had seen the truck earlier as they sat outside McCullough's friend's house smoking a rock of crack.

[2] This case is distinguishable from the majority opinions of this Court in *Smith* and *Bolden*. In *Smith*, there was no connection between the defendant's use of cocaine and the murder of her husband. Similarly, in *Bolden*, the record disclosed no logical relevance between the defendant's use of crack cocaine the evening prior to his robbing a motel. Here, on the other hand, Williams' sale of cocaine to Victim and McCullough is the sole factor which explains their relationship to Williams, their encounter with him on Beaver Dam Road, and Williams' motive for the shooting. The present case presents a classic example of the doctrine of res gestae.

concerning the crack transactions on the night of the crime was so clearly linked to the shooting as to be admissible as part of the res gestae.

We agree with Williams, however, that McCullough's ▮▮▮ testimony concerning drug sales prior to the day of the crime should not have been admitted. However, this testimony was cumulative to the other, properly admitted evidence and was therefore harmless. *State v. Wyatt*, 317 S.C. 370, 453 S.E. (2d) 890 (1994) (error in admission of evidence is harmless where it is cumulative to other evidence which was properly admitted).

## 5. SPECULATION OF MOTIVE

Finally, McCullough was asked by the Solicitor what she was thinking when she saw Williams pointing a gun at the vehicle. She responded, "He [Victim] had to either have broken Kenno's [Williams'] rocks or gave him bad, fake rocks." Counsel's objection was overruled. McCullough then stated the Victim had done things like that before and that she'd never known Williams to do anything like that. Williams objected on grounds this was impermissible hearsay and that McCullough was a fact witness. Williams contends this was improper speculation concerning his intent.[3] We disagree.

A witness may not testify to a matter unless evidence ▮▮▮ is introduced sufficient to support a finding the witness has personal knowledge of the matter. Rule 602, SCRE. The opinion or inference of a lay witness is admissible if it is a) rationally based on the perception of the witness, b) helpful to the determination of a fact in issue, and c) does not require special knowledge. Rule 701, SCRE. *See also* 31 A Am. Jur. (2d) *Expert and Opinion Evidence* § 30; 23 C.J.S. *Criminal Law* § 1050. Conclusions or opinions of laymen should be rejected only when they are superfluous in the sense that they will be of no value to the jury. *State v. McClinton*, 265 S.C. 171, 217 S.E. (2d) 584 (1975). The terms "fact" and "opinion" denote merely a difference of degree of con-

---

[3] Williams cites *State v. Stokes*, 279 S.C. 191, 304 S.E. (2d) 814 (1983) in support of this contention. *Stokes* is inapplicable. *Stokes* involved testimony offered to demonstrate a "common scheme or plan" under *State v. Lyle*, 125 S.C. 406, 118 S.E. 803 (1923). McCullough's testimony here was not offered under *Lyle*.

creteness of description. *McCormick on Evidence*, §12 (3rd Ed. 1984). Some statements are not mere opinions but are impressions drawn from collected, observed facts. *Lafon v. Commonwealth*, 17 Va. App. 411, 438 S.E. (2d) 279 (1993). A natural inference based on stated facts is not opinion evidence. *State v. Revere*, 572 So. (2d) 117 (La. App. 1990). Where the distinction between fact and opinion is blurred, it is often best to leave the matter to the discretion of the trial judge. *See e.g.* 31 A Am. Jur. (2d) *Expert and Opinion Evidence* § 9.

Here, McCullough's belief that Victim may have stolen ■ Williams' crack was reasonably based upon her observation of the transaction which had just occurred, and the fact that she had previously known Victim to do such things. Moreover, McCullough also knew that Williams had never done anything like this before. Accordingly, her opinion was rationally based upon the events which had transpired and was helpful to the jury's determination as to why Williams chased and shot at them. We find no abuse of discretion in admission of this testimony.

In any event, even if the testimony was speculative, ■ Williams suffered no prejudice. As noted above, Williams' earlier sale of cocaine was properly admitted as part of the res gestae and McCullough positively identified Williams as the man who chased them and shot Victim. The record contains no evidence disputing McCullough's version of events.[4] Accordingly, McCullough's belief Victim may have stolen two rocks of cocaine was in no way prejudicial to Williams. *State v. Motley*, 251 S.C. 568, 164 S.E (2d) 569 (1968) (burden is on defendant to show error in admission of evidence is prejudicial).

Affirmed.

FINNEY, C.J., and TOAL, MOORE and BURNETT, JJ., concur.

---

[4] The burden is on appellant to provide a sufficient record for review. *State v. Hutto*, 279 S.C. 131, 303 S.E. (2d) 90 (1983).