THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
The State,       
Respondent,
 
 
 

v.

 
 
 
Jonathan Toney, Jr.,       
Appellant.
 
 
 

Appeal From Sumter County
Clifton Newman, Circuit Court Judge

Unpublished Opinion No. 2004-UP-038
Submitted October 15, 2003 – Filed January 20, 2004 

AFFIRMED

 
 
 
Patrick McFadden Killen, of Sumter, for Appellant
Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. 
 McIntosh, Senior Assistant Attorney General Harold M. Coombs Jr., all of Columbia, 
 for Respondent.
 
 
 

PER CURIAM:   Jonathan Toney appeals his 
 assault and battery conviction, arguing that the trial judge erred by declining 
 to continue the trial and by allowing into evidence a picture depicting an injury 
 to the victim’s head.  We affirm. 
FACTS
In January 2002, a Sumter county jury 
 convicted Defendant Jonathan Toney of assault and battery with intent to kill. 
 The indictment was based on events that took place in February 2001. On January 
 22, 2002, the day the trial was to start, Toney sought a continuance, arguing 
 that Toney had not received some key evidence from the prosecution in a timely 
 manner. The trial had been continued at least once before at Toney’s request, 
 but Toney wanted more time for his expert to scrutinize a SLED report Toney 
 reviewed on January 8. That report showed that the DNA retrieved from the alleged 
 crime weapon was inconclusive because of the insufficient quantity. Toney also 
 wanted more time for an "Evidence Processing Report” he received on January 
 18. That report had apparently been completed as early as August 2000 and listed 
 some crime-related items, including swabs from a tire iron, clothing belonging 
 to Toney, and a pair of gray tennis shoes. 
The prosecution responded that Toney’s attorney 
 was already aware of those items, and that, at any rate, the state had either 
 already conducted some tests that yielded no results or had decided not to test 
 the items. The prosecutor declared, "every [test] that is going to be done has 
 been done.” The state also argued that Toney and his expert had been told to 
 contact SLED directly if they wanted more details about the evidence. The judge 
 denied the motion to continue the trial, ruling that "the defense has been afforded 
 sufficient time to analyze, to evaluate, and to be ready for trial.” 
Additionally, the judge overruled Toney’s objection 
 to state’s exhibit #36, a picture depicting an injury to the victim’s head. 
 The judge allowed the picture, finding that "the probative value is not outweighed 
 by the prejudicial effect.” Toney appeals both rulings.
ISSUES

 (1)    Did the trial court abuse its 
 discretion in denying Toney’s motion for continuance?
 (2)   Did the trial court abuse its 
 discretion in allowing state’s exhibit #36?

ANALYSIS
"It is well-settled in South Carolina 
 that a trial court's denial of a motion for continuance ‘will not be disturbed 
 absent a clear abuse of discretion.’” State v. McKennedy, 348 S.C. 270, 
 280, 559 S.E.2d 850, 855 (2002) (citing State v. Williams, 321 S.C. 455, 
 459, 469 S.E.2d 49, 51 (1996)). Moreover, reversals are granted very rarely. 
 Id. Appellate courts have "repeatedly upheld denials of motions for continuances 
 where there is no showing that any other evidence on behalf of the defendant 
 could have been introduced, or that any other points could have been raised, 
 if more time had been granted to prepare for trial.” Id.
Here, the trial judge held a hearing and ascertained 
 the arguments of both parties. He specifically asked counsel for Toney if in 
 fact he had had a chance to review the evidence at SLED – counsel responded 
 that he had. The trial judge asked whether Toney’s expert needed more time to 
 conduct his own testing – counsel responded "I don’t know that … he necessarily 
 needs more time to evaluate any additional documentation that is provided.” 
 The trial judge asked whether the trial had been continued before – counsel 
 said yes. What is more, counsel admitted that the state had "been very candid 
 with providing an open-file policy.” Counsel provided no indication that the 
 continuance would provide additional exculpatory evidence. The judge then made 
 his ruling "based on all the information presented.” The judge clearly did not 
 abuse his discretion.
Toney’s second objection is equally meritless. 
 "The relevancy, materiality, and admissibility of photographs as evidence are 
 matters left to the sound discretion of the trial court. State v. Johnson, 
 338 S.C.114, 122, 525 S.E.2d 519, 523 (2000) (citing State v. Kornahrens, 
 290 S.C.281, 288, 350 S.E.2d 180, 185 (1986). "However, photographs calculated 
 to arouse the sympathy or prejudice of the jury should be excluded if they are 
 irrelevant or unnecessary to the issues at trial.” Id. (citing State 
 v. Middleton, 288 S.C. 21, 24, 339 S.E.2d 692, 693 (1986)).  
The state argued that the photograph was relevant, 
 since it showed an injury on top of the victim’s head, corroborating her testimony 
 that she was kneeling when Toney struck her. The trial judge ruled that the 
 photograph was relevant and that its prejudicial effect was less than its probative 
 value. We cannot say that the judge abused his discretion.
AFFIRMED.
HUFF, STILWELL, and BEATTY, J.J., concur.