THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 v.
 Willie Bell,
 Jr., Appellant.
 
 
 

Appeal From Orangeburg County
James C. Williams, Jr., Circuit Court
 Judge
Unpublished Opinion No. 2009-UP-325
Submitted June 1, 2009  Filed June 15,
 2009   
AFFIRMED

 
 
 
 Deputy Chief Appellate Defender for Capital Appeals Robert M.
 Dudek, of Columbia, for Appellant.
 Attorney General Henry Dargan McMaster, Chief Deputy Attorney
 General John W. McIntosh, Assistant Deputy Attorney General Donald J. Zelenka, Assistant
 Attorney General J. Anthony Mabry, all of Columbia; and Solicitor David Michael
 Pascoe, Jr., of Orangeburg, for Respondent.
 
 
 

PER CURIAM: 
 Willie Bell, Jr., appeals his convictions and sentences for murder, arguing the
 trial judge erred in dismissing a juror before the second day of trial.  We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities:  Section 14-7-810 of the South Carolina
 Code (Supp. 2008) ("[N]o person is
 qualified to serve as a juror in any court in this State if . . . (4) he has
 less than a sixth grade education or its equivalent."); State v.
 McDaniel, 275 S.C. 222, 224, 268 S.E.2d 585, 586 (1980) (holding "[t]here
 is no right to be tried by a jury composed of particular individuals."); State
 v. Manning, 329 S.C. 1, 7, 495 S.E.2d 191, 194 (1997) ("An abuse of
 discretion occurs when the trial judge's ruling has no evidentiary
 support." ); State v. Bell, 374 S.C. 136, 147, 646 S.E.2d 888, 894
 (Ct. App. 2007) ("A decision whether to dismiss a juror and replace her
 with an alternate is within the sound discretion of the trial court, and such
 decision will not be reversed on appeal absent an abuse of discretion.").   
AFFIRMED.
HUFF, PIEPER, and GEATHERS, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.