THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 
 In the Matter of
 the Care and Treatment of Thomas Simmons, Appellant.
 
 
 
 
 

Appeal From Horry County
Edward B. Cottingham, Circuit Court Judge

Unpublished Opinion No. 2011-UP-121
 Submitted March 1, 2011  Filed March 24,
2011

AFFIRMED

 
 
 
 Appellate Defender LaNelle C. DuRant, of
 Columbia, for Appellant.
 Attorney General Alan Wilson, Chief Deputy
 Attorney General John W. McIntosh, Assistant Attorney General Deborah R.J.
 Shupe, Senior Assistant Attorney General James G. Bogle, Jr., and Assistant
 Attorney General William M. Blitch, Jr., all of Columbia, for Respondent.
 
 
 

PER CURIAM:  Thomas Simmons appeals his commitment to
 the South Carolina Department of Mental Health as a sexually violent predator. 
 On appeal, Simmons contends the trial court erred in denying his motion for a
 directed verdict because the State failed to prove an element of the Sexually
 Violent Predator Act (the Act) and in allowing the opinion testimony of a
 non-expert into evidence.  We affirm.[1]
1. The
 trial court did not err in denying Simmons's motion for a directed verdict.  
A sexually
 violent predator is defined in the Act as "a person who (a) has been
 convicted of a sexually violent offense; and (b) suffers from a mental
 abnormality or personality disorder that makes the person likely to engage in
 acts of sexual violence if not confined in a secure facility for long-term
 control, care, and treatment."  S.C. Code Ann. § 44-48-30(1) (Supp. 2010). 
 "Mental abnormality" is defined as "a mental condition affecting
 a person's emotional or volitional capacity that predisposes the person to
 commit sexually violent offenses."  S.C. Code Ann. § 44-48-30(3) (Supp.
 2010).  The phrase "likely to engage in acts of sexual violence" is
 defined as a "propensity to commit acts of sexual violence . . . of such a
 degree as to pose a menace to the health and safety of others."  S.C. Code
 Ann. § 44-48-30(9) (Supp. 2010).  "When
 ruling on a motion for a directed verdict, the trial court is concerned with
 the existence or nonexistence of evidence, not its weight."  State v.
 Weston, 367 S.C. 279, 292, 625 S.E.2d 641, 648 (2006).  When reviewing a
 denial of a directed verdict, an appellate court views the evidence and all
 reasonable inferences in the light most favorable to the State.  Id.  
The State produced evidence
 that Simmons met both elements of "sexually violent predator" as
 defined in the Act.  Simmons met the first element of the Act because he was
 adjudicated delinquent as a result of the commission of first-degree criminal
 sexual conduct with a minor after he committed sexual battery on his
 step-nephew.  Simmons met the second element of "sexually violent
 predator" under the Act because the chief psychologist at the South
 Carolina Violent Predator Program testified Simmons suffers from a mental
 abnormality called sexual sadism, which he opined was a chronic condition. The
 State presented evidence sufficient for a jury to find Simmons was likely to
 "engage in acts of sexual violence if not confined in a secure facility
 for long-term control, care, and treatment," including: Simmons continued
 to have vivid sexual fantasies involving rape, force and sadistic behavior
 while committed; Simmons lapsed in his sex‑offender treatment; while
 committed, Simmons downloaded pornographic cartoons depicting rape and
 violence; Simmons accumulated thirty disciplinary infractions while committed,
 including fashioning a weapon and displaying signs of aggression toward other
 juveniles and staff members; Simmons refused to pay restitution to his victim,
 blamed the victim for his commitment, and believed the victim should have to
 "pay for me"; and Simmons stated he "was always listening to the
 wrong voice."  Thus, viewing the
 evidence in the light most favorable to the State, the evidence supports
 submitting the case to the jury.  
2. The trial court did
 not err in allowing the social worker to testify about her personal
 observations of Simmons.  
Lay witnesses are permitted
 to offer "testimony in the form of opinions or inferences" if the
 opinions or inferences "(a) are rationally based on the perception of the
 witness, (b) are helpful to a clear understanding of the witness'[s] testimony
 or the determination of a fact in issue, and (c) do not require special
 knowledge, skill, experience, or training."  Rule 701, SCRE.  "Conclusions
 or opinions of laymen should be rejected only when they are superfluous in the
 sense that they will be of no value to the jury."  State v. Williams,
 321 S.C. 455, 463, S.E.2d 49, 54 (1996).  
The State presented evidence
 the social worker's testimony was based on her perception.  The question that
 was objected to, which she answered, asked whether she had personally observed
 Simmons display certain features.  Her answer was helpful to the determination
 of the fact in issue of whether Simmons was likely to engage in acts of sexual
 violence if not confined in a secure facility for long-term control, care, and
 treatment.  Lastly, her personal observations did not require special
 knowledge, skill, experience, or training.  
Accordingly, the trial court
 did not err in allowing the social worker to testify.  
AFFIRMED.
FEW, C.J., THOMAS and
 KONDUROS, JJ., concur.  

[1] We decide this
 case without oral argument pursuant to Rule 215, SCACR.