THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 
 
 

v.

 
 
 
 Tawanda
 Williams, Appellant.
 
 
 

Appeal From Horry County
Larry B. Hyman, Jr., Circuit Court Judge

Unpublished Opinion No. 2011-UP-558
 Submitted December 1, 2011  Filed
 December 9, 2011
 Withdrawn, Substituted, and Refiled April
18, 2012   

AFFIRMED

 
 
 
 Appellate Defender Kathrine H. Hudgins, of
 Columbia, for Appellant.
 Attorney General Alan Wilson, Chief Deputy
 Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W.
 Elliott, and Assistant  Attorney General Christina J. Catoe, all of Columbia;
 and Solicitor J. Gregory Hembree, of Conway, for Respondent.
 
 
 

PER CURIAM: Tawanda Williams appeals her conviction
 for distribution of cocaine.  Williams argues the trial court erred in denying
 her motion for a continuance.  We affirm[1] pursuant to Rule 220(b)(1), SCACR, and the following authorities: State v. McKennedy, 348 S.C. 270, 280, 559 S.E.2d 850, 855 (2002) (holding a trial
 court's denial of a motion for a continuance "will not be disturbed absent
 a clear abuse of discretion" (quoting State v. Williams, 321 S.C.
 455, 459, 469 S.E.2d 49, 51 (1996))); id. at 280, 559 S.E.2d at 855 ("This
 [c]ourt has repeatedly upheld denials of motions for continuances where there
 is no showing that any other evidence on behalf of the defendant could have
 been introduced, or that any other points could have been raised, if more time
 had been granted to prepare for trial."); Rule 7(a), SCRCrimP (providing a
 trial court may only grant a continuance upon "written request by
 counsel"); Rule 7(b), SCRCrimP ("No motion
 for continuance of trial shall be granted on account of the absence of a
 witness without the oath of the party, his counsel, or agent to the following
 effect: the testimony of the witness is material to the support of the action
 or defense of the party moving; the motion is not intended for delay, but is
 made solely because he cannot go safely to trial without such testimony; and
 has made use of due diligence to procure the testimony of the witness or of
 such other circumstances as will satisfy the court that his motion is not
 intended for delay.");Rule 7(b)(2), SCRCrimP
 (requiring the moving party to set forth under oath what "fact or facts he
 believes the witness if present would testify to and the grounds for such
 belief"); see State v. Richardson, 253 S.C. 468, 473-74, 171
 S.E.2d 717, 719 (1969) (supporting the proposition that the Confrontation
 Clause is not implicated merely because the State did not call the informant to
 testify); id. ("[T]he State is not required to place upon the stand
 every witness who has knowledge of material facts connected with the crime
 charged."); id. at 474, 171 S.E.2d at 720 (holding the rules of
 evidence "do not require that all witnesses who may be present when the
 offense was committed, or who may be supposed to possess information respecting
 it, should be produced").
AFFIRMED.
FEW, C.J., and
 THOMAS and KONDUROS, JJ., concur.

[1] We decide this case without oral argument
 pursuant to Rule 215, SCACR.