**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE
CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING
EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

Derek Maner, Appellant.

Appellate Case No. 2009-117006

Appeal From Allendale County
Michael G. Nettles, Circuit Court Judge

Unpublished Opinion No. 2012-UP-550
Heard September 10, 2012 – Filed October 10, 2012

**AFFIRMED**

Appellate Defender Susan Barber Hackett, of Columbia,
for Appellant,

Attorney General Alan McCrory Wilson; Chief Deputy
Attorney General John W. McIntosh; Assistant Deputy
Attorney Donald J. Zelenka; Senior Assistant Attorney
General Melody Jane Brown;; all of Columbia; and
Solicitor Isaac McDuffie Stone, III, of Beaufort, for
Respondent.

**PER CURIAM:**  Derek Maner appeals his conviction for murder, arguing the trial court erred in (1) allowing Investigator Silvaggio to testify as a lay witness regarding his opinion on Erika Bradley's disappearance and (2) failing to direct a verdict because the State presented no direct or substantial circumstantial evidence of corpus delicti.  We affirm pursuant to Rule 220(b)(1), SCACR, and the following authorities:

1. As to whether the trial court erred in allowing Investigator Silvaggio to testify based on his investigation: Rule 602, SCRE ("A witness may not testify to a matter unless evidence is introduced sufficient to support a finding the witness has personal knowledge of the matter.  Evidence to prove personal knowledge may, but need not, consist of the witness' own testimony."); *State v. Williams*, 321 S.C. 455, 464, 469 S.E.2d 49, 54 (1996) ("A natural inference based on stated facts is not opinion evidence.  Where the distinction between fact and opinion is blurred, it is often best to leave the matter to the discretion of the trial judge.").

2. As to whether the trial court erred in failing to direct a verdict: *State v. Weston*, 367 S.C. 279, 292-93, 625 S.E.2d 641, 648 (2006) (holding if there is any direct evidence or any substantial circumstantial evidence reasonably tending to prove the guilt of the accused, the Court must find the case was properly submitted to the jury); *State v. Owens*, 293 S.C. 161, 168, 359 S.E.2d 275, 278 (1987) (finding circumstantial evidence surrounding the victim's sudden disappearance, considered with the unlikelihood of victim's voluntary departure as shown by personal habits and relationships, sufficiently established the corpus delicti of murder or that the victim is dead by the criminal act of another).

**AFFIRMED.**

**SHORT, KONDUROS, and LOCKEMY, JJ., concur.**